IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| Plaintiff, | : |
| v. | : CRIMINAL ACTION NO. |
| | : 1:17-CR-00230-SCJ-LTW-1 |
| GEORGE C. WOODFORD, IV, | : |
| Defendant. | : |

### MAGISTRATE JUDGE'S ORDER AND FINAL REPORT AND RECOMMENDATION CERTIFYING CASE READY FOR TRIAL

This matter is presently before the Court on Defendant George C. Woodford IV's Motion to Dismiss Indictment. (Doc. 22). The Government filed a Response to Defendant's Motion to Dismiss, and Defendant filed a Reply. (Docs. 36, 38). For the reasons set forth below, the Court **RECOMMENDS** that the Defendant's Motion to Dismiss Indictment be **DENIED**. (Doc. 22).

### BACKGROUND FACTS

On June 28, 2017, a grand jury in the Northern District of Georgia returned a single-count indictment against Defendant, alleging offenses under 18 U.S.C. §§ 922(g)(1), 924(e). (Doc. 2). On January 3, 2018, a grand jury in the Northern District of Georgia returned a superseding, multi-count indictment against Defendant, with three additional counts alleging violations of 18 U.S.C. §§ 922(g)(1), 924(e), 924(c)(1)(A)(i), and 21 U.S.C. §§ 841(a), 841(b)(1)(C). (Doc. 10). Defendant entered a guilty plea in the Superior Court of Fulton County, Criminal Action Nos. 17SC148792 and

17SC152312, to firearm and drug charges arising under the laws of the State of Georgia on September 15, 2017. (Docs. 22-1, 22-2). The events giving rise to the state law charges are the predicate for the charges listed in the Government's federal indictment. (Docs. 10, 22).

## DEFENDANT'S MOTION TO DISMISS INDICTMENT

In his Motion to Dismiss Indictment, Defendant argues the prosecution of the instant indictment violates the Double Jeopardy Clause of the Fifth Amendment because he previously entered a guilty plea and was sentenced in state court for violations that were premised upon conduct identical to that for which he is charged in federal court. (Doc. 22). Defendant likewise avers that the doctrine of dual sovereignty should be reevaluated.[1] (Id.). Responding in opposition, the United States contends that the Fifth Amendment's Double Jeopardy Clause does not bar the prosecution of the instant indictment by the United States because a separate sovereign, the State of Georgia, previously prosecuted and sentenced Defendant. (Doc. 36). The Government further argues Double Jeopardy does not bar the instant prosecution because this Court is bound

---

[1] Defendant relies upon a recent United States Supreme Court decision, Puerto Rico v. Sanchez Valle, 136 S. Ct. 1863 (2016), for the proposition that the dual sovereignty doctrine should be revisited in the context of dual prosecutions amongst the states and federal government. In Sanchez Valle, the Court found that prosecutions by both the U.S. and Puerto Rico were barred by the Double Jeopardy Clause because Puerto Rico derives its prosecutorial power from the federal government. 136 S. Ct. at 1876. Defendant notes that Justice Ginsberg, in a concurring opinion, opines that the separate sovereigns doctrine should be revisited in an appropriate case in the context of a defendant facing successive prosecutions by the federal government and the states. Sanchez Valle, 136 S. Ct. at 1877 (Ginsberg, J., concurring).

by Supreme Court precedent. (Id.). In his Reply in Support of Defendant's Motion to Dismiss Indictment, Defendant, acknowledging that current Supreme Court precedent allows for the prosecution of the same crime in both state and federal court, resubmits that the doctrine of dual sovereignty should be reconsidered. (Doc. 38). Specifically, Defendant states that he adopts the arguments set forth in a recently-granted Petition for a Writ of Certiorari to the United States Supreme Court, calling for the overruling of the separate sovereigns exception to the Double Jeopardy Clause.[2] (Doc. 38). The Court agrees with the Government that current Supreme Court precedent does not bar prosecution of the instant indictment, because the United States is a separate sovereign.

## LEGAL ANALYSIS

The Double Jeopardy Clause of the Fifth Amendment provides that no person shall "be subject for the same offense to be twice put in jeopardy of life or limb," and applies to both successive prosecutions and successive punishments for the same criminal offense. U.S. CONST., amend. V.; United States v. Dixon, 509 U.S. 688, 695-96 (1993) (citing North Carolina v. Pearce, 395 U.S. 711 (1969)). The Fifth Amendment's prohibition only bars successive prosecutions, however, if the two prosecuted offenses are the "same" for double jeopardy purposes. Heath v. Alabama, 474 U.S. 82, 87 (1985). Under the dual sovereignty doctrine, an offense is not the "same" for double jeopardy purposes when it violates the law of two separate

---

[2] See U.S. v. Gamble, 694 F. App'x 750 (11th Cir. 2017), cert. granted, 138 S. Ct. 2707 (U.S. June 28, 2018) (No. 17-646).

3

sovereigns. Id. at 88-89. The United States Supreme Court has uniformly held that the states are separate sovereigns with respect to the federal government because each state's power to prosecute is derived from its own "inherent sovereignty," not from the federal government. Id. at 89 (citing United States v. Wheeler, 435 U.S. 313, 320 (1978); Abbate v. United States, 359 U.S. 187, 193-194 (1959) (collecting cases); United States v. Lanza, 260 U.S. 377, 382 (1922)). Accordingly, the Double Jeopardy Clause does not prohibit the federal government from prosecuting a defendant for violating federal law based on conduct for which a state previously prosecuted him under state law.

Applying the law to the facts of this case, this Court finds that the Double Jeopardy Clause does not bar the instant prosecution. Defendant previously pleaded guilty and was sentenced for violating laws of the State of Georgia. (See Docs. 22-1, 22-2). The instant indictment, however, charges Defendant with violating the laws of the United States. (See Doc. 10). Accordingly, regardless of whether the same facts underlie the two prosecutions and whether the charged offenses contain the same elements, the offenses prosecuted are not the same for Double Jeopardy purposes because different sovereigns prosecuted them. Therefore, the Court **RECOMMENDS** that Defendant's Motion to Dismiss be **DENIED**.

## CONCLUSION

Based upon the foregoing, the undersigned **RECOMMENDS** that Defendant's Motion to Dismiss the Indictment be **DENIED**. (Doc. 22). As there are no further

motions pending, the undersigned certifies this case ready for trial. The clerk is directed to terminate the reference to the undersigned.

**SO ORDERED**, this __4__ day of October, 2018.

_____
LINDA T. WALKER
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)