# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | |
| v. | **CRIMINAL CASE NO.** |
| **GEORGE C. WOODFORD, IV,** | **NO. 1:17-CR-230-SCJ** |
| Defendant. | |

## ORDER

This matter appears before the Court on October 4, 2018 Report and Recommendation (Doc. No. [40]) issued by the Honorable Linda T. Walker, United States Magistrate Judge, in which she recommended that the Defendant's Motion to Dismiss Indictment (Doc. No. [22]) be denied.

The Court incorporates by reference the facts and procedural history stated in the R&R.  Doc. No. [40].[1]

---

[1] Defendant also indicated that he does not take issue with the facts set out in the R&R. Doc. No. [42], p. 1.

As stated in the R&R (Doc. No. [40], pp. 1–2), on June 28, 2017, a grand jury in the Northern District of Georgia returned a single-count indictment against Defendant, alleging offenses under 18 U.S.C. §§ 922(g)(l), 924(e). On January 3, 2018, a grand jury in the Northern District of Georgia returned a superseding, multi-count indictment against Defendant, with three additional counts alleging violations of 18 U.S.C. §§ 922(g)(l ), 924( e ), 924( c )(1 )(A)(i), and 21 U.S.C. §§ 84l(a), 84l(b)(1)(C). Defendant entered a guilty plea in the Superior Court of Fulton County, Criminal Action Nos. l 7SC148792 and 17SC 152312, to firearm and drug charges arising under the laws of the State of Georgia on September 15, 2017. The events giving rise to the state law charges are the predicate for the charges listed in the Government's federal indictment.

In his Motion to Dismiss Indictment, Defendant argues the prosecution of the instant indictment violates the Double Jeopardy Clause of the Fifth Amendment because he previously entered a guilty plea and was sentenced in state court for violations that were premised upon conduct identical to that for which he is charged in federal court. Defendant likewise avers that the doctrine of dual sovereignty should be reevaluated.

2

In the R&R, the magistrate concluded that under the dual sovereignty doctrine, current Supreme Court precedent does not bar prosecution of the instant indictment, because the United States is a separate sovereign. Doc. No. [40], p. 3. The magistrate also stated: "the Double Jeopardy Clause does not prohibit the federal government from prosecuting a defendant for violating federal law based on conduct for which a state previously prosecuted him under state law." Id. at p. 4. The magistrate cited Heath v. Alabama, 474 U.S. 82, 87 (1985) and other cases in support of this conclusion. Id. at pp. 3–4. In Heath, the Court stated, *inter alia*: "[t]his Court has plainly and repeatedly stated that two identical offenses are not the 'same offence' within the meaning of the Double Jeopardy Clause if they are prosecuted by different sovereigns." Id. at 92.

In his objections, the Defendant objects to the magistrate's failure to rely on or extend the holding of Puerto Rico v. Sanchez Valle, ---U.S. ----, 136 S. Ct. 1863, 1867, (2016)[2] to this case and opine on how the Supreme Court grant of

---

[2] As correctly stated by the magistrate, "[i]n Sanchez Valle, the Court found that prosecutions by both the U.S. and Puerto Rico were barred by the Double Jeopardy Clause because Puerto Rico derives its prosecutorial power from the federal government. 136 S. Ct. at 1876. Defendant notes that Justice Ginsberg, in a concurring opinion, opines that the separate sovereigns doctrine should be revisited in an appropriate case in the context of a defendant facing successive prosecutions by the

3

certiorari in Gamble v. United States, 138 S. Ct. 2707 (2018) may affect the Double Jeopardy landscape. Doc. No. [42], p. 4.[3]

When objections are filed in the context of a dispositive motion, the Court must "make a *de novo* determination of those portions of the [magistrate judge's] report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). After conducting this review, the Court "may accept, reject, or modify in whole or in part, the findings or recommendations made by the magistrate judge." Id. Additionally, the Court may "receive further evidence or recommit the matter to the magistrate judge with instructions." Id.

Defendant's objections are overruled, because it is not proper for this Court to opine or extend the holding of a case in the face of binding precedent to the contrary. As stated by the Eleventh Circuit, "[b]inding Supreme Court precedent explicitly holds that a federal prosecution following a state conviction based on the same conduct does not violate the Double Jeopardy Clause. We are bound to

---

federal government and the states. Sanchez Valle, 136 S. Ct. at 1877 (Ginsberg, J., concurring).

[3] The question presented in Gamble is: "Whether the Court should overrule the 'separate sovereigns' exception to the Double Jeopardy Clause." Supreme Court, https://www.supremecourt.gov/qp/17-00646qp.pdf (last visited Nov. 20, 2018).

4

apply the Supreme Court's decisions unless and until the Supreme Court itself overrules those decisions." United States v. Sanders, 712 F. App'x 956 (11th Cir. 2017); see also Cargill v. Turpin, 120 F.3d 1366, 1386 (11th Cir. 1997) ("The law of this circuit is 'emphatic' that only the Supreme Court or this court sitting en banc can judicially overrule a prior panel decision.")). To this regard, "until the Supreme Court reconsiders the dual sovereign doctrine when a state, rather than a federal territory, initiates the first prosecution and the federal government brings a second prosecution for the same act and offense, this Court is bound by the existing law that permits these duplicate prosecutions. Therefore, the magistrate judge was correct in concluding that the dual sovereign doctrine permits [defendant's] federal prosecution." United States v. Ferrell, No. 117CR2461TCBCMS, 2017 WL 6032947, at *3 (N.D. Ga. Dec. 6, 2017).

On the whole, after *de novo* review, the Court concludes that the R&R "is correct in law and fact"—and is accepted by this Court. Griffin v. GMAC, No. 1:05-CV-0199, 2008 WL 11334068, at *1 (N.D. Ga. Mar. 5, 2008).

Accordingly, the R&R (Doc. No. [40]) is **ADOPTED** as the order of the Court, and the Defendant's Objections (Doc. No. [42]) are **OVERRULED**. Defendant's Motion to Dismiss Indictment (Doc. No. [22]) is **DENIED**.[4]

**IT IS SO ORDERED** this 20th day of November, 2018.

s/Steve C. Jones_____
**HONORABLE STEVE C. JONES
UNITED STATES DISTRICT JUDGE**

---

[4] To the extent that the parties may be seeking a stay of the case to await the Supreme Court's decision, the parties should do so by motion in accordance with the applicable rules of criminal procedure.